UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Nicholai Doumin,

                                                Plaintiff,

    -v.-                                            6:06-CV-01119
                                                        (NPM/DEP)

Scott Carey, *individually and as Sergeant for the Oneida County Sheriff's Office*; Robert Meyers, *individually and as Lieutenant for the Oneida County Sheriff's Office*; Randy Smith, *individually and as Sergeant for the Oneida County Sheriff's Office*; Edward DiBiari, *individually and as a Corrections Officer for the Oneida County Sheriff's Office*; Thomas Martin, *individually and as a Corrections Officer for the Oneida County Sheriff's Office*; Jeffery Winters, *individually and as a Corrections Officer for the Oneida County Sheriff's Office*; and County of Oneida,

                                              Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Office of Leon R. Koziol<br>1518 Genesee Street<br>Utica, NY 13502 | Leon R. Koziol |
| FOR THE DEFENDANTS: | |
| Petrone & Petrone, P.C. | David H. Walsh, IV |

1624 Genesee Street
Utica, NY 13502
Attn: Cheryl S. Smith
240 Erie Blvd. East
Rome, NY 13440

Neal P. McCurn, Senior District Judge

## *Memorandum, Decision and Order*

## *I. Introduction*

Presently before the court is a motion for summary judgment pursuant to Fed. R. Civ. P. 56 by all defendants against plaintiff, Nicholai Doumin ("Plaintiff"). Defendants are the County of Oneida as well as Oneida County Sheriff's Office Sergeants Scott Carey and Randy Smith, Lieutenant Robert Meyers, and Corrections Officers Edward DiBiari, Thomas Martin, and Jeffery Winters, each sued in his official and individual capacities ("Defendants"). Plaintiff opposes the motion and Defendants reply. The motion is considered on the submitted papers without oral argument.

## *II. Factual Background*

Initially, the court notes that Plaintiff's response to Defendants' Statement of Material Facts does not comply with Local Rule 7.1(a)(3) of this court, which requires each denial of a material fact to include a specific citation to the record where the fact issue arises. See N.D.N.Y. R. 7.1(a)(3). To be sure, Plaintiff unequivocally denies only one of Defendants' material facts not in dispute, and fails to cite to the record therein. See Resp. to Defs.' Statement of Material Facts, ¶ 17, Dkt. No. 28. However, Plaintiff's response includes several partial admissions, or admissions with additional alleged facts, all but one of which do

1

not include a citation to the record. See id. ¶¶ 7, 9, 10, 12-14, 16, 18. "A district court has no duty, on a motion for summary judgment, to perform an independent review of the record to find proof of either a factual dispute or the lack of a factual dispute." Monroe v. Critelli, No. 9:05-CV-1590, 2008 WL 508748, at *2 (N.D.N.Y. Feb. 21, 2008) (citing Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir.2002)). Nonetheless, the court will discuss Plaintiff's response where it diverges from Defendants' Statement of Material Facts in order to provide a backdrop for Plaintiff's arguments in opposition to the pending motion. The following facts are not in dispute, unless otherwise noted.

Plaintiff became an inmate at the Oneida County Correctional Facility ("the Correctional Facility") on April 2, 2005. On June 18, 2005, Plaintiff injured his left ankle while walking down steps at the Correctional Facility. Later that day, Plaintiff requested medical attention by completing a form provided by the Correctional Facility. In response, Plaintiff contends that

> he did not immediately inform anyone of his injury inasmuch as his previous requests for medical attention had been refused. Plaintiff felt that any such requests would be futile. Shortly thereafter, he did register complaints continuing over a three day period, when the injury became more painful and swollen. No medical response was given to these early complaints.

Resp. to Defs.' Statement of Material Facts, ¶ 4, Dkt. No. 28. Plaintiff fails to submit any evidence to support his contention that previous to the June 18, 2005 incident he made requests for medical assistance, or that said requests went unanswered. Plaintiff does submit a copy of an "informal inmate complaint form" ostensibly completed by Plaintiff on June 20, 2005 wherein he states that he has severe pains from his "left heel and up" and that his left ankle is swollen. Ex. B to

2

Aff. of Leon R. Koziol, Apr. 7, 2008, Dkt. No. 33. Plaintiff also states on this complaint form that "So far I've put 3! medical requests to be seen by the doctor. All in vain!" Id. (emphasis and punctuation in original). It is undisputed, as follows, that Plaintiff requested medical assistance on June 18 and 19, 2005. See Exs. C&D to Aff. of David H. Walsh, IV, Feb. 21, 2008, Dkt. No. 21. However, there is no evidence of a third request, as Plaintiff indicates in his complaint dated June 20, 2005, other than the complaint itself.

On June 19, 2005, one day after his initial injury, Plaintiff left his cell for breakfast, and then took a shower. Apparently, Plaintiff fell during his shower, and some hours later completed a second written request for medical attention for his ankle.[1] On June 20, 2005, Plaintiff was admitted to the Correctional Facility's infirmary, complaining of an inability to ambulate.[2] X-rays were taken of Plaintiff's ankle the next day, which were negative for fracture or dislocation, but

---

[1] There is some dispute here as to whether it was mandatory that Plaintiff take a shower. See Resp. to Defs.' Statement of Material Facts, ¶ 9, Dkt. No. 28. Although Plaintiff contends, by his Statement of Material Facts (without citation to the record), that "showers are required for all inmates[,]" id., Defendants cite to a portion of Plaintiff's deposition, wherein he testified that showers were not mandatory, and that on the day in question Plaintiff chose to take a shower, see Ex. B to Aff. of David H. Walsh, IV, Feb. 21, 2008, Dkt. No. 21 (Dep. of Nicholai Doumin, Dec. 3, 2007). Accordingly, the court will deem admitted Defendants' Statement of Material Fact ¶ 9, to wit, "Taking a shower at the Correctional Facility was optional and plaintiff chose to take a shower in the morning by leaving his cell and proceeding to the shower stall."

[2] According to Plaintiff, his original injury was further aggravated on June 20, 2005 when Defendants assaulted him in retaliation for his "repeated complaints ... for treatment." Resp. to Defs.' Statement of Material Facts, ¶ 12, Dkt. No. 28. Inasmuch as Defendants do not seek summary judgment on Plaintiff's excessive force claim, this alleged statement of fact is not material, except to the extent Plaintiff argues that said assault further aggravated his initial injury. Nonetheless, because said statement is made without citation to the record, the court will not consider same in deciding Defendants' pending motion as to Plaintiff's deliberate indifference claim, whether or not it is material.

3

revealed soft tissue edema, both medially and laterally.[3]

Plaintiff remained at the infirmary until July 5, 2005, at which time he was medically cleared and released to the general population, without his objection.[4] After his release from the infirmary, and until his release from the Correctional Facility in November 2005, Plaintiff made no other requests for medical treatment.

Plaintiff commenced this civil rights action on September 18, 2006 alleging violations of his right to be free from excessive force and his right to be free from deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendments to the United States Constitution as well as pendent state law claims

---

[3] Plaintiff fails to admit or deny that X-rays were taken of Plaintiff's left ankle on June 21, 2005, the results of which were negative for fracture or dislocation, despite Defendants having submitted as evidence the X-ray report in support of said statement of fact. See Resp. to Defs.' Statement of Material Facts, ¶ 13, Dkt. No. 28; Defs.' Statement of Material Facts Not in Dispute, ¶ 13, Dkt. No. 21; Ex. H to Walsh Aff. Plaintiff also states, without citation to the record, that the soft tissue edema reflected in the X-ray report, "was the result of a ruptured and neglected Achilles tendon while under confinement of defendants[,]" pursuant to Plaintiff's "attending physician Dr. Parker[.]" Resp. to Defs.' Statement of Material Facts, ¶ 13. The court notes that the *only* medical documentation submitted on behalf of Plaintiff's opposition to Defendants' motion for summary judgment is a radiologist's report of the results of an MRI of Plaintiff's left ankle, which was taken on May 11, 2006, almost one year after Plaintiff's injury. See Ex. A to Aff. of Leon R. Koziol, Apr. 7, 2008, Dkt. No. 33. That report reflects a "Type I tendon tear/chronic Achilles' tendinitis with some pre Achilles' edema." Id. Nothing in the record, including this report, supports Plaintiff's statement that he suffered "a ruptured and neglected Achilles tendon while under confinement of defendants." Resp. to Defs.' Statement of Material Facts, ¶ 13. Accordingly, the court will give no consideration to same.

[4] Plaintiff states that he "was not honest about his medical condition inasmuch as he felt that in order to get out of the infirmary he had to make defendants believe that he was better." Resp. to Defs.' Statement of Material Facts, ¶ 17, Dkt. No. 28. Ostensibly Plaintiff wanted to escape the "nightmarish conditions" at the infirmary, to wit, that "he received little to no treatment . . . and was continually handcuffed and forced to remain that way even though he could not walk without the assistance of crutches." Id. at ¶ 16. Again, Plaintiff fails to cite to the record for support of these contentions. Accordingly, the court will not consider same when deciding the pending motion.

4

for battery and intentional infliction of emotional distress against Defendants. Defendants now seek summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim as well as his pendent claims.

## *III. Discussion*

### *A. Summary Judgment Standard*

A motion for summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). The movants, here Defendants, have the burden to show that no genuine factual dispute exists. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598 (1970)). Moreover, when the court is deciding a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. See id.

When deciding whether a material issue of fact is in dispute, the court is cognizant that a fact is "material" if "it might affect the outcome of the suit under governing law." White v. Haider-Shah, No. 9:05-CV-193, 2008 WL 2788896, at *4 -5 (N.D.N.Y. Jul. 17, 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)). Also, "[a] material fact is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id., quoting Anderson, 477 U.S. at 248, 106 S.Ct. at 2510.

### *B. Statute of Limitations*

Initially, Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. Because it is unclear to the court from

5

Defendants' papers whether they contend Plaintiff's section 1983 claims or his pendent state law claims are time barred, in an abundance of caution the court will address the argument as to all of Plaintiff's claims.

Defendants cite Wilson v. Garcia, 471 U.S. 261, 278, 105 S.Ct. 1938, 1949 (1985) for the proposition that the relevant state's statute of limitations for a personal injury action applies to section 1983 claims. Defendants then go on to argue that because New York's Civil Practice Law and Rules provides a one-year statute of limitations for intentional torts such as those pendent state claims alleged by Plaintiff here, those claims should therefore be dismissed. See N.Y. C.P.L.R. § 215(3) (McKinney) (2006).

To be sure, the Supreme Court later extended Wilson to hold that "where state law provides multiple statutes of limitations for personal injury actions, [as is the case in New York,] courts considering section 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-250, 109 S.Ct. 573, 582 (1989). Accordingly, the statute of limitations for section 1983 actions brought in New York is three years. See id., at 237-328, 251, citing N.Y. C.P.L.R. § 214(5) (McKinney) (1988) (finding that the Court of Appeals for the Second Circuit correctly applied the three-year statute of limitations for personal injury actions in New York to respondent's section 1983 claim). See also McKithen v. Brown, — F.Supp.2d —, No. 02-CV-1670, 2008 WL 2791852, at *6 (E.D.N.Y. Jul. 21, 2008) (citing, e.g., Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004)). Here, there is no dispute that the actions giving rise to Plaintiff's claims occurred on or about June 18 through 20, 2005, and that Plaintiff commenced this action on September 18, 2006, one year

6

and three months later.  Accordingly, because Plaintiff's section 1983 claims were brought within the applicable three-year statute of limitations, to the extent Defendants seek dismissal of said claims, their motion is denied in that regard.

The issue of whether Plaintiff's pendent state law tort claims are barred by the statute of limitations is not as simplistic as Defendants suggest, however.  It is true that the statute of limitations for intentional torts such as battery and intentional infliction of emotional distress is one year in New York.  See Brewton v. City of New York, 550 F.Supp.2d 355, 370 n.13 (E.D.N.Y. 2008) (citing N.Y. C.P.L.R. § 215(3)).  Nonetheless, as Plaintiff points out, New York General Municipal Law section 50-i provides that claims such as those presented here "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based[,]" N.Y. Gen. Mun. Law § 50-i (McKinney 2007), in order to accommodate the ninety-day notice of claim requirement set forth in N.Y. Gen. Mun. Law § 50-e (McKinney 2007).  See Brewton, 550 F.Supp.2d at 370, n.13.

Defendants, who argue that Plaintiff's pendent claims were commenced "approximately one (1) year and three (3) months after the claims [accrued,]" apparently do not dispute that, as Plaintiff alleges, a notice of claim was filed in this case in compliance with section 50-e.  Defs.' Mem. of Law in Supp. of Mot. for Summ. J., at 3, Dkt. No. 21.  It is not disputed that Plaintiff became injured and requested medical attention on June 18, 2005, but was not admitted to the infirmary until two days later.  This action was commenced on September 18, 2006, exactly one year and ninety days from Plaintiff's injury.  Accordingly, Plaintiff's pendent state law claims for battery and intentional infliction of

7

emotional distress are not time-barred, and Defendants' motion for dismissal of those claims on that ground is denied.[5]

### C. Section 1983 Claim

In order to prevail on his civil rights claims under 42 U.S.C. § 1983, Plaintiff must allege "(1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state ... law." Velez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (quoting Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980) (internal citation and quotations omitted)). Here, Plaintiff's section 1983 claims are predicated on his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment, which prohibits cruel and unusual punishments during confinement, protects prisoners from excessive force, deliberate indifference to a serious medical need, and failure to intervene. See Stephanski v. Arnone, No. 04-CV-552A, 2008 WL 413301, at *5 (W.D.N.Y. Feb. 13, 2008) (citing Trammell v. Keane, 338 F.3d 155, 162 (2d Cir. 2003); Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994)). Although Plaintiff brings this action for

---

[5] Despite the Local Rule of this Court prohibiting legal arguments made by affidavit, Plaintiff's counsel sets forth by attorney affidavit the additional argument that the statute of limitations for Plaintiff's claims is tolled by the period of his incarceration. See N.D.N.Y. R. 7.1(a)(2); Aff. of Leon R. Koziol, Apr. 7, 2008, ¶ 13, Dkt. No. 27. The Court of Appeals for the Second Circuit has found that equitable tolling shall be applied "only in rare and exceptional circumstances, where [it is] found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (quoting Doe v. Menefee, 391 F.3d 147, 159 (2d Cir.2004) (internal quotation marks omitted)). It is doubtful that the requisite "rare and exceptional circumstances" exist here. Id. However, because it has already been determined that Plaintiff's claims are not time barred, Plaintiff's need for the benefit of equitable tolling is consequently eliminated. Accordingly, the court will not address this issue.

violations of his Eighth *and* Fourteenth Amendment rights, because his alleged constitutional claims arose while he was incarcerated, they are covered by the Eighth Amendment and must be analyzed accordingly, rather than under the Fourteenth Amendment's substantive due process analysis.  See Burns v. Trombly, No. 9:05-CV-1204, 2008 WL 2003804, at *9 (N.D.N.Y. May 7, 2008) (citing United States v. Lanier, 520 U.S. 259, 272, n.7, 117 S.Ct. 1219 (1997) (citing Graham v. Connor, 490 U.S. 386, 392-94, 109 S.Ct. 1865 (1989))).

  Plaintiff alleges, among other things, that Defendants failed to provide him medical treatment while he was incarcerated.  The Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care. Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832, 844, 114 S.Ct. 1970 (1994)).  However, "not every lapse in medical care is a constitutional wrong."  Id., at 279.  In fact, an inmate's disagreement as to the appropriate course of treatment does not rise to the level of a constitutional claim under the Eighth Amendment.  See United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867-68 (2d Cir.1970); see also Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986).  Instead, "a prison official violates the Eighth Amendment only when two requirements are met."  Salahuddin, 467 F.3d at 279 (quoting Farmer, 511 U.S. at 834, 114 S.Ct. 1970).  Thus, in order to prevail on a section 1983 claim for failure to provide medical treatment in violation of the Eighth Amendment, Plaintiff must prove that (1) his medical condition was objectively serious, and (2) Defendants acted with deliberate indifference to Plaintiff's medical needs.  See Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976);

9

Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998)).

In order to prove Plaintiff's medical condition was serious, he must establish that he had a medical need which constituted a condition of urgency – one that may produce degeneration or extreme pain. See Chance, 143 F.3d at 702. To establish deliberate indifference, Plaintiff must show the Defendants acted with a sufficiently culpable state of mind. See Salahuddin, 467 F.3d at 280 (citing Wilson v. Seiter, 501 U.S. 294, 3300, 111 S.Ct. 2321 (1991)). The Court of Appeals for the Second Circuit has succinctly described the state of mind requirement as follows:

> Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law. This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result. Although less blameworthy than harmful action taken intentionally and knowingly, action taken with reckless indifference is no less actionable. The reckless official need not desire to cause such harm or be aware that such harm will surely or almost certainly result. Rather, proof of awareness of a substantial risk of the harm suffices. But recklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent.
>
> The charged official must be subjectively aware that his conduct creates such a risk. Prison officials may, of course, introduce proof that they were not so aware, such as testimony that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. Thus, in Johnson v. Wright, 412 F.3d 398, 404 (2d Cir.2005), we held that a jury could infer the absence of a sufficiently culpable state of mind if the jury believed that the defendant denied the plaintiff medical treatment because the defendant sincerely and honestly believed that applying a prison policy mandating the denial of treatment was, in plaintiff's case, medically justifiable. The defendant's belief that his

10

> conduct poses no risk of serious harm (or an insubstantial risk of
> serious harm) need not be sound so long as it is sincere. Thus, even if
> objectively unreasonable, a defendant's mental state may be
> nonculpable.

Salahuddin, 467 F.3d at 280-81 (internal citations and quotations omitted).

Here, Defendants argue that Plaintiff's injury, to wit, a sprained ankle, is not sufficiently serious to warrant protection under the Eighth Amendment, and that moreover, there is no evidence in the record to establish that the delay in treatment here rises to the level of deliberate indifference.  Consequently, Defendants argue, they are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Plaintiff counters that there is sufficient dispute of material facts in order to survive Defendants' motion for summary judgment.  Plaintiff refers, however, to facts which were not provided in either Defendants' Statement of Material Facts or Plaintiff's response thereto.  See Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 9-10, Dkt. No. 29.  For example, by his memorandum of law Plaintiff claims that he "describes in extensive detail throughout [his] deposition testimony . . . how his 'daily activities' were impaired and the 'chronic and substantial pain' caused not only by defendants' collective indifference to his regular complaints for proper treatment but also the aggravation of ankle injuries caused by defendants' retaliatory assault on June 2, 2005." Id. at 9.  However, Plaintiff fails to cite the location in his deposition transcript where such testimony appears, and also fails to include this purported material fact in his response to Defendants' Statement of Material Facts.  Plaintiff also argues that his original injury, a sprained ankle, was aggravated by a battery against him by Defendants, both of which resulted in "permanent disfigurement and ambulation problems" allegedly

11

confirmed by "Plaintiff and his doctor[.]" Id., at 10.  Not only does Plaintiff again fail to cite the record for evidentiary support, the court notes that the record is devoid of any evidence that a physician confirmed the aforementioned alleged fact.  Plaintiff is reminded that a district court is not required to perform an independent review of the record in order to identify a factual dispute or lack thereof, and this court declines to do so here.  See supra, at 2.  Accordingly, the aforementioned facts will not be considered in deciding the present motion.

      Initially, the court will address the issue of whether Plaintiff's condition satisfies the first element of his claim, to wit, whether it is sufficiently serious to warrant Eighth Amendment protection.  Here, Plaintiff twice complained that he twisted his left ankle and was thereafter unable to bear weight on that ankle.  See Exs. C & D to Walsh Aff.  An X-ray revealed soft tissue edema, but no fracture or dislocation.  See Ex. H to Walsh. Aff.  Other courts have found that similar medical conditions did not rise to the level of seriousness required under the Eighth Amendment.  For example, one court found that an ankle sprain with several contusions did not "r[i]se to the level of a sufficiently serious medical condition."  Johnson v. Kachelmeyer, No. 03-CV-356S, 2006 WL 625837, at *9 (W.D.N.Y. Mar. 9, 2006).  Another court found that a plaintiff who received an initial diagnosis of soft-tissue swelling without dislocation or fracture, and then received subsequent diagnoses of a bone spur, neuroma and tendinitis, did not establish that his medical needs were sufficiently serious to warrant protection under the Eighth Amendment.  See Chatin v. Artuz, No. 95-Civ.-7994, 1999 WL 587885, at * 3 (S.D.N.Y. Aug. 4, 1999) (aff'd by unpublished summ order, 28 Fed. Appx. 9, No. 99-0266, 2002 WL 10259 (2d Cir. 2001)).  Here, there is no

12

evidence in the record that Plaintiff suffered "a medical need which constituted a condition of urgency – one that may produce degeneration or extreme pain." Chance, 143 F.3d at 702.  Accordingly, because Defendants have successfully demonstrated that no material question of fact regarding the first element of Plaintiff's Eighth Amendment deliberate indifference claim exists, Defendants are entitled to summary judgment on that claim.

The court further notes, however, that there is no question of material fact regarding the second element of that claim, to wit, whether Defendants acted with deliberate indifference.  It is true that "a delay in providing necessary medical care may in some cases constitute deliberate indifference, [but] such a classification [has been reserved] for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast-degenerating condition for three days; or delayed major surgery for over two years." Freeman v. Strack, No. 99-Civ.-9878, 2000 WL 1459782, at *6 (S.D.N.Y. Sept. 29, 2000). While it is undisputed that Plaintiff was not provided medical care until two days after he first requested it, there is no evidence in the record that his condition was "life threatening or fast degenerating" nor is there any evidence that any of the defendants here "deliberately delayed care as a form of punishment[.]" Id. Accordingly, because no question of material fact as to either element of Plaintiff's deliberate indifference claim remains, Defendants' motion for summary judgment is granted in that regard.

## *IV.  Conclusion*

The only claim dismissed from this action as a result of the present motion is Plaintiff's Eighth Amendment deliberate indifference claim.  Defendants'

motion for summary judgment on the pendent claims by reason that they are barred by the statute of limitations is denied.  Because Defendants make no further argument for the dismissal of those claims, and because Defendants' make no argument for dismissal of Plaintiff's excessive force claim, this action is not dismissed in its entirety.  Accordingly, remaining for trial are Plaintiff's section 1983 claim for excessive force under the Eighth Amendment, and Plaintiff's pendent state law tort claims for intentional infliction of emotional distress and battery.

     Therefore, it is ORDERED that the motion for summary judgment by defendants  County of Oneida,  Oneida County Sheriff's Office Sergeants Scott Carey and Randy Smith, Lieutenant Robert Meyers, and Corrections Officers Edward DiBiari, Thomas Martin, and Jeffery Winters, against plaintiff, Nicholai Doumin, on the basis that all claims are barred by the statute of limitations is DENIED; and it is further

     ORDERED that the motion for summary judgment by defendants  County of Oneida,  Oneida County Sheriff's Office Sergeants Scott Carey and Randy Smith, Lieutenant Robert Meyers, and Corrections Officers Edward DiBiari, Thomas Martin, and Jeffery Winters, against plaintiff, Nicholai Doumin on his Eighth Amendment claim for deliberate indifference to a serious medical need is GRANTED; and it is further

     ORDERED that remaining for a trial on the merits are plaintiff, Nicholai Doumin's claims against all defendants for excessive force under the Eighth Amendment, and for intentional infliction of emotional distress and battery under New York common law.

IT IS SO ORDERED.

DATED:    September 12, 2008
          Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge

15